[Cite as *State v. Hall*, **2011-Ohio-4389**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011 CA 00049 |
| VERNARD A. HALL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:         Criminal Appeal from the Court of Common Pleas, Case No. 2010 CR 01949


JUDGMENT:         Affirmed


DATE OF JUDGMENT ENTRY:         August 29, 2011


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RENEE M. WATSON
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio 44702

For Defendant-Appellant

RODNEY A. BACA
SCHNARS. BACA & INFANTINO
610 Market Avenue North
Canton, Ohio 44702

*Wise, J.*

{¶1}    Appellant Vernard A. Hall appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, transferring his case for criminal prosecution as an adult to the Court of Common Pleas General Division

## STATEMENT OF THE FACTS AND CASE

{¶2}    On November 11, 2010, at approximately 9:00 p.m., four young males entered the Maggiore's on East Tuscarawas Avenue in Stark County, Ohio. They were all dressed in dark clothing and three of the four were brandishing handguns. Two women were working the store that evening, Eleanor Shroder and April Culbertson. One of the suspects pointed a gun at Shroder's face. Shroder stated that she could see the weapon was a semiautomatic, which she recognized by the clip inserted at the base of the gun. A second of the four suspects went to Culbertson and put a semiautomatic gun in her face. The gun was so close to her face that she could not have put her hand in between the two.

{¶3}    When Culbertson failed to put her hands up right away as directed, the four laughed, told her they were serious, and again told her to put her hands up. Although the suspect in front of her was wearing a mask, Culbertson was able to identify the suspect as a young black male. The robbers took $139.48 in cash, as well as potato chips and tobacco products.

{¶4}    Two days later, another armed robbery took place on East Tuscarawas, this time at the Family Dollar store. Three suspects carried out the crime, with one wielding a handgun. The suspects ordered the two women working to open their cash

drawers. They then took $594.00 from the cash drawers, cell phones, and other miscellaneous merchandise from around the cash registers before fleeing the scene.

{¶5} One of the employees managed to push the police emergency call button located under the counter during the robbery. Canton Police officers and a K-9 unit promptly arrived at the scene and with the assistance of the K-9 unit, were able to track the suspects to a house nearby on 4th Street. The three suspects, Ganzalee Jones, Matthew Smith and Appellant, Vernard Hall, fled from the home. As they ran, Jones dropped a gun, which Appellant picked up and threw into the creek behind the home. The suspects then attempted to hide in a storm drain in the creek where they were located and taken into custody.

{¶6} At the police station, Appellant agreed to speak with Sergeant Eric Risner. While discussing the Family Dollar robbery, Appellant also admitted to his involvement in the Maggiore's robbery. He would not, however, give any information as to who the other three robbers were in the Maggiore's incident, nor who among the four of them were the ones brandishing weapons.

{¶7} Appellant admitted that while fleeing police after the Family Dollar incident, he threw the gun used in that incident into the creek. He claimed that the gun was actually a BB gun.

{¶8} Upon speaking with Maggiore's employees Shroder and Culbertson, a week after they were robbed, Sgt. Risner stated that Shroder was still very shaken up over the event. Both women described the weapons used as similar in appearance to Sgt. Risner's semiautomatic sidearm.

{¶9} At the conclusion of his investigation, Sgt. Risner filed two complaints in the juvenile court against Appellant alleging he committed acts that if committed by an adult would constitute aggravated robbery for the Maggiore's incident, and complicity to aggravated robbery for the Family Dollar incident.

{¶10} On December 3, 2010, the State of Ohio filed a motion for mandatory transfer.

{¶11} On December 28, 2010, a probable cause hearing was held pursuant to the State of Ohio's motion for transfer of jurisdiction pursuant to R.C. §2152.10 and R.C. §2152.12.

{¶12} After hearing the evidence outlined above, in regard to the aggravated robbery, the trial court concluded:

{¶13} "The juvenile's stipulated DOB is 2-3-93, and he was 17 years old on the date of the alleged offenses. This juvenile is charged with one count of Aggravated Robbery (F-I), a Category Two Offense. This juvenile had a firearm on or about his person, or under his control and displayed or brandished the same ..."

{¶14} The trial court then ordered that Appellant be transferred to the General Division of the Common Pleas Court of Stark County, Ohio, for criminal prosecution as an adult for aggravated robbery. As to the complicity to aggravated robbery for the Family Dollar incident, the court took the matter under advisement.

{¶15} On January 28, 2011, Appellant was indicted on one count of aggravated robbery in violation of R.C. §2923.03(A)(2) and/or (A)(3) complicity to robbery.

{¶16} Appellant was arraigned on February 4, 2011.

{¶17} On February 22, 2011, Appellant entered a plea of no contest to the charges and was sentenced by the trial court.

{¶18} Appellant now appeals, with the only issue being that the trial court abused its discretion when it transferred Appellant for criminal prosecution as an adult to the Court of Common Pleas General Division.

## ASSIGNMENT OF ERROR

{¶19} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT MADE ITS RULING THAT THE APPELLANT BE TRANSFERRED FOR CRIMINAL PROSECUTION AS AN ADULT FROM JUVENILE COURT TO THE COURT OF COMMON PLEAS GENERAL DIVISION."

**I.**

{¶20} In his sole assignment of error, Appellant claims that the trial court abused its discretion in ordering mandatory bind-over from the juvenile division to the general division. We disagree.

{¶21} Revised Code §2152.10 sets forth the procedure regarding bind-over:

{¶22} Mandatory transfer; discretionary transfer

{¶23} "(A) A child who is alleged to be a delinquent child is eligible for mandatory transfer and shall be transferred as provided in section 2152.12 of the Revised Code in any of the following circumstances:

{¶24} "(1) The child is charged with a category one offense and either of the following apply:

{¶25} "(a) The child was sixteen years of age or older at the time of the act charged.

**{¶26}** "(b) The child was fourteen or fifteen years of age at the time of the act charged and previously was adjudicated a delinquent child for committing an act that is a category one or category two offense and was committed to the legal custody of the department of youth services upon the basis of that adjudication.

**{¶27}** "(2) The child is charged with a category two offense, other than a violation of section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply:

**{¶28}** "(a) The child previously was adjudicated a delinquent child for committing an act that is a category one or a category two offense and was committed to the legal custody of the department of youth services on the basis of that adjudication.

**{¶29}** "(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.

**{¶30}** (3) Division (A)(2) of section 2152.12 of the Revised Code applies.

**{¶31}** (B) Unless the child is subject to mandatory transfer, if a child is fourteen years of age or older at the time of the act charged and if the child is charged with an act that would be a felony if committed by an adult, the child is eligible for discretionary transfer to the appropriate court for criminal prosecution. In determining whether to transfer the child for criminal prosecution, the juvenile court shall follow the procedures in section 2152.12 of the Revised Code. If the court does not transfer the child and if the

court adjudicates the child to be a delinquent child for the act charged, the court shall issue an order of disposition in accordance with section 2152.11 of the Revised Code."

**{¶32}** Revised Code §2152.12(A)(1(b), provides:

**{¶33}** "(A)(1)(b) After a complaint has been filed alleging that a child is a delinquent child by reason of committing a category two offense, the juvenile court at a hearing shall transfer the case if section 2152.10 of the Revised Code requires the mandatory transfer of the case and there is probable cause to believe that the child committed the act charged"

**{¶34}** The Ohio Supreme Court held in *State v. Iacona* (2001), 93 Ohio St.3d 83, 2001-Ohio-1292:

**{¶35}** "As the court of appeals in the instant case correctly observed, a juvenile court at a bindover hearing need not " 'find as a fact that the accused minor is guilty of the offense charged. It simply finds the existence of probable cause to so believe,' " quoting *State v. Whiteside* (1982), 6 Ohio App.3d 30, 36, 6 Ohio B. Rep. 140, 146, 6 Ohio App.3d 30, 452 N.E.2d 332, 338. The juvenile court in the case at bar described its responsibility in considering the issue of probable cause as being an obligation to determine whether there is "some credible evidence as to each and every element of the offense." The court of appeals, on the other hand, defined "probable cause" as "a flexible concept, grounded in probabilities, requiring more than a mere suspicion of guilt but a degree of proof less than that required to sustain a conviction," citing *Brinegar v. United States* (1949), 338 U.S. 160, 175, 69 S.Ct. 1302, 1310-1311, 93 L.Ed. 1879, 1890. These two standards, while subtly different, are not irreconcilable.

{¶36} "We hold that the state must provide credible evidence of every element of an offense to support a finding that probable cause exists to believe that the juvenile committed the offense before ordering mandatory waiver of juvenile court jurisdiction pursuant to R.C. 2151.26(B). See *Zarzycki,* A Current Look at Ohio's Juvenile Justice System on the 100th Anniversary of the Juvenile Court (1999), 47 Cleve.St.L.Rev. 627, 647. In meeting this standard the State must produce evidence that raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt.

{¶37} "Accordingly, in determining the existence of probable cause the juvenile court must evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by the respondent that attacks probable cause. See *Kent,* 383 U.S. at 563, 86 S.Ct. at 1058, 16 L.Ed.2d at 98."

{¶38} In the case sub judice, the juvenile court complaint charged Appellant with one count of aggravated robbery, in violation of R.C. §2911.01, which provides:

{¶39} <u>Aggravated robbery</u>

{¶40} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶41} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"

**{¶42}** In this case, the aggravated robbery charge requires the State to prove that Appellant possessed a deadly weapon but the bind-over statute requires the State to prove that he possessed a firearm.

**{¶43}** R.C. §2923.11 defines a firearm as:

**{¶44}** "(B)(1) "Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.

**{¶45}** "(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."

**{¶46}** In the case sub judice, Appellant admitted his involvement in the Maggiore's robbery as well as the Family Dollar robbery. Appellant, however, argues that the State failed to present evidence to show a firearm was used in the Maggiore robbery or that Appellant had a firearm on or about his person or under his control during that robbery. Accordingly, Appellant asserts the bind-over was improper.

**{¶47}** Initially we find that the acts charged in the complaint in this matter would constitute the offense of aggravated robbery, if committed by an adult, a category two offense. Further, it was stipulated that Appellant was 17 years old at the time of the offense. The charge therefore brings the case within the mandatory bind-over provisions.

**{¶48}** At the bind-over hearing in this case, the State presented the testimony of Sgt. Risner. Sgt. Risner testified that he interviewed both Eleanor Schroder and April Culberson, the Maggiore's employees who were working at the time of the robbery, and both women stated that three of the four robbers had weapons, which they described as semi-automatic handguns. Both women recounted to him how the robbers pointed the guns in their faces and warned them "Look, we're serious here. Put your hands up." (T. at 9-11).

**{¶49}** Concerning operability, "the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." R.C. §2923.11(B)(2). "The [S]tate can prove that the weapon was operable or could readily have been rendered operable at the time of the offense in a variety of ways without admitting the firearm allegedly employed in the crime into evidence." *State v. Gains* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68, syllabus.

**{¶50}** In *Thompkins,* supra, the Ohio Supreme Court held in paragraph one of the syllabus, that "the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm" when determining whether a weapon was operable. Since *Thompkins,* this Court has routinely found sufficient evidence to support a firearm specification when the defendant brandished a firearm and implicitly threatened to fire it by pointing it at the victim. See *State v. Hayes,* Cuyahoga App. No. 93785, 2010–Ohio–5234; *State v. Brooks,* Cuyahoga App. No. 92389, 2009–Ohio–5559; *State v. Robinson,* Cuyahoga App. No. 80718, 2003–Ohio–156.

**{¶51}** In this case, we have an implicit threat of violence towards the victims. The State offered sufficient evidence of operability through testimony that the robbers pointed guns in the employees' faces and warned them that they were "serious" and that they should put their hands up. (T. at 9-11). Sgt. Risner testified that both women believed the guns were real and they were in fear for their lives. Sgt. Risner further testified that the women stated that the gun looked similar to the semiautomatic handgun which he carried as his service weapon.

**{¶52}** Based on the foregoing, we agree with the trial court's finding of probable cause to believe Appellant committed the offense alleged and find the court's relinquishment of jurisdiction proper pursuant to R.C. §2152.12.

**{¶53}** Appellant's sole assignment of error is overruled.

**{¶54}** For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0728

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :          JUDGMENT ENTRY
                                                 :
VERNARD A. HALL                                  :
                                                 :
    Defendant-Appellant                      :          Case No. 2011 CA 00049


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to Appellant.


                                 _____


                                 _____


                                 _____

                                        JUDGES